IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RETREAT AT STONECREST APARTMENTS and HAMILTON POINT INVESTMENTS, : : : : | |
| Plaintiff, : | |
| v. : | |
| SHAMEAKA CHISOLM, : : : : | CIVIL ACTION NO. 1:18-CV-5362-AT |
| Defendant. : | |

## **ORDER**

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation that this dispossessory action be remanded to the Magistrate Court of DeKalb County pursuant to 28 U.S.C. § 1447(c) [Doc. 3].

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's R&R for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine de novo any part of the Magistrate Judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). Defendant Chisolm has been granted *in forma pauperis* status by the Magistrate Judge. Rather than wait for potential objections to be filed, the Court reviews the Magistrate Judge's holding de novo in its entirety.

The Court is aware of how serious and devastating it is for any person to face eviction from their residence. However, the Court cannot act beyond its statutory grant of subject matter jurisdiction, and must "strictly construe removal statutes in favor of state court jurisdiction." *Kuhn v. Brunswick Corp.*, 871 F. Supp. 1444, 1446 (N.D. Ga. 1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994).

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, this Court has conducted a careful, de novo review of the Magistrate Judge's recommendation remanding this action. The Court concludes that the Magistrate Judge's R&R is correct in all material respects. As no federal question is presented on the face of Plaintiff's Complaint, jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system.

Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of this Court. For the reasons stated in the Magistrate Judge's Report and Recommendation, the Court **DISMISSES WITHOUT PREJUDICE** and **REMANDS** this case to the Magistrate Court of DeKalb County.[1] Further, the Magistrate Judge noted that this is the sixth time Defendant Chisolm has improperly removed a dispossessory proceeding to this

---

[1] As this case involves a pro se Defendant, the Court provides further guidance. An order remanding the case means that the case will continue to be heard, but in the court where it was originally filed – here, the Magistrate Court of DeKalb County. The case is simply being returned to the Magistrate Court of DeKalb County for further proceedings. Any future motions should be filed with the Magistrate Court of DeKalb County.

Court. Accordingly, the Court **DIRECTS** the Clerk of Court (a) not to accept for filing any removal action from State court filed by Defendant seeking to enjoin or otherwise challenge a dispossessory action without the express permission of the District Judge assigned to this case, and (b) to notify the State courts in DeKalb County, Georgia, that any notice of removal to this Court filed by Defendant in any dispossessory action shall not operate as an automatic stay of the State court action pursuant to 28 U.S.C. § 1446(d), unless the notice of removal is accompanied by a certified copy of an Order of the District Court authorizing the removal of any such case to this Court. There being no further issues before the Court, the Clerk is **DIRECTED** to close the case.

   **IT IS SO ORDERED** this 29th day of November 2018.

_____
**Amy Totenberg
United States District Judge**